IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

      Respondent,

V.                                        CRIMINAL NO. 3:02-00121-03
                                           (CIVIL ACTION NO. 3:04-0538)

KERSHENA FLESKES,

      Movant.

## FINDINGS AND RECOMMENDATION

In July of 2002, following consummation of a plea agreement in which, inter alia, she waived her right to be charged by indictment and agreed to the filing of a one-count information, Kershena Fleskes entered a plea of guilty to an information in which she was charged with conspiring to commit money laundering, in violation of 18 U.S.C. §1956(h). On November 22, 2002, she was sentenced by the Court to a term of imprisonment of eighty-seven months to be followed by three years supervised release. Her conviction and sentence were affirmed on appeal. United States v. Fleskes, No. 03-4072, 69 Fed.Appx. 59 (4th Cir. June 19, 2003). Thereafter, on June 1, 2004, Fleskes filed a motion under the provisions of 28 U.S.C. §2255 in which she alleges the occurrence of irregularities during the course of proceedings in the district court. The United States filed a response to the motion, Fleskes has filed a reply and the matter is ready for decision.

Movant's principal claim, which she has amplified and supplemented in filings subsequent to the filing of the motion, is that her sentence was based on drug quantities and

adjustments which were neither admitted by her nor submitted to a jury and proved beyond a reasonable doubt. She relies on the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000),[1] Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), seeking re-sentencing in accordance with principles she sees as being required by those decisions.

In United States v. Booker, supra, decided January 12, 2005, the Supreme Court reaffirmed its holding in Apprendi, as refined by its decision in Blakely, applied the principles of Blakely to the Sentencing Guidelines and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," noting that its holding applied "to all cases on direct review." United States v. Booker, supra at 244, 268. The issue presented in this case, i.e., whether Booker's holding is to be applied retroactively to cases on collateral review, has been resolved for courts in this circuit by the Court of Appeals for the Fourth Circuit in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), a decision in which the Court, joining all other circuit courts which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review." Movant's conviction became final in 2003, well before the Court's decision in Booker, and as a consequence neither that decision nor its precursors provide any basis for relief.

Movant has asserted in her motion that counsel representing her was ineffective. In ruling on this claim, the Court evaluates counsel's performance under standards established by the

---

[1] Apprendi is not implicated in this case since movant's sentence did not exceed the statutory maximum.

Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), recognizing that the proper standard for attorney performance is that of "reasonably effective assistance" and that movant must establish not only "that counsel's representation fell below an objective standard of reasonableness," id. at 687-88, but also that counsel's deficient performance prejudiced the defense. Id. at 694.[2] The "performance inquiry" requires the Court to consider "whether counsel's assistance was reasonable considering all the circumstances," id. at 688, and scrutiny of counsel's performance under the prescribed constitutional standard does not contemplate application of a "set of detailed rules for counsel's conduct," id., the Supreme Court having "declined to articulate specific guidelines for attorney conduct... ." Wiggins v. Smith, 539 U.S. 510, 521 (2003). Recognizing the "constitutionally protected independence of counsel" and the "wide latitude counsel must have in making tactical decisions," the Supreme Court has admonished reviewing courts that, in resolving ineffectiveness claims, "scrutiny of counsel's performance must be highly deferential," that every effort must be made "to eliminate the distorting effects of hindsight" and that the challenged conduct must be evaluated "from counsel's perspective at the time." Strickland v. Washington, supra at 689. Moreover, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. Utilizing these standards, the Court does not find in the motion or in the record of this case any basis

---

[2] In this case, involving a plea of guilty, "a demonstration of prejudice requires [movant] to establish 'that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" Reid v. True, 349 F.3d 788, 798 (4th Cir. 2003), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).

for concluding that counsel's performance was deficient or that counsel's alleged errors prejudiced the defense.

Initially, movant asserts that counsel "never took the time to investigate or interview the witnesses of the government and prepare for a winnable defense;" however, she does not indicate what an investigation might have revealed or what information, if any, witnesses might have provided that would have been of assistance. From the factual basis proffered by the United States at the plea hearing it is apparent that the principal government witnesses in this case were co-conspirators and co-defendants, Don Rice and James Fleskes,[3] who began cooperating with the United Sates prior to the time initial proceedings were taken against movant by execution of a search warrant at her residence in August of 1999.[4] Movant has not suggested that interviews of these individuals or any others might have been helpful. In the absence of any basis for believing that interviews with "witnesses of the government" or some undefined investigation might have revealed information which would have been of assistance to the defense, there is clearly no basis for concluding that counsel's performance was deficient or that information secured from interviews and further investigation would have influenced movant's decision to go to trial rather than plead guilty. Movant also complains of counsel's failure to object to use of evidence seized from a locked safe at her residence.[5] She apparently believes that, though officers secured a search warrant for the

---

[3] Don Rice, James Fleskes, Sherilyn Smith and movant entered guilty pleas to the information on July 16, 2002.

[4] It is, of course, also significant that both movant and Sherilyn Smith provided incriminating statements following execution of the search warrant.

[5] Movant also complains of the loss of approximately $49,000 in cash removed from the safe. At the plea proceeding, counsel for the United States advised the Court that the "$49,000 in cash ... had been forfeited administratively through the FBI."

residence, they needed a separate search warrant for the locked safe. She is, however, simply mistaken in her belief. As the Court pointed out in United States v. Ross, 456 U.S. 798, 820-21 (1982), "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." Thus, "[a] warrant to search a house ... authorizes the police to search any closet, container, or other closed compartment in the building that is large enough to contain the contraband or evidence that they are looking for." United States v. Evans, 92 F.3d 540, 543 (7th Cir. 1996). While movant has not included the search warrant in her submissions, she describes it as a "Financial Search Warrant" and presumably the warrant authorized, inter alia, seizure of documents or papers evidencing involvement in possession and distribution of controlled substances, items which a safe clearly would be "large enough to contain."[6] Absent any basis for believing that a motion to suppress the contents of the safe would have been successful, and it clearly appearing that it would not, counsel's failure to move to suppress cannot be characterized as deficient. Movant also complains that counsel "gave our confidential notes to the government." In support of this assertion she relies on a June 14, 2000, cover letter from her attorney to an assistant United States attorney in which he states that he is sending "a List of Debts which has been signed by Kershena Fleskes and Sherilyn Smith" and documents outlining some of the facts involved. Obviously, plea bargaining preceded execution of the agreement in July of 2002, and it might have been initiated as early as 1999, following execution of the search warrant and the giving

---

[6] See also, United States v. Snow, 919 F.2d 1458, 1461 (10th Cir. 1990)(Locked safe could be opened inasmuch as it was a likely source for documents specified in search warrant.). See also, United States v. Pringle, No. 01-2341, 53 Fed.Appx. 65, at *71 (10th Cir. December 24, 2002)(unpublished); United States v. Rice, No. CRIM. A. 01-61, 2006 WL 897201, at *6 (E.D. Ky. April 4, 2006)(unpublished).

of incriminating statements by movant and Sherilyn Smith. In any event, the document outlining facts involved in the offense downplays the role of movant, indicating that the amount of drugs transported from Texas to West Virginia was considerably less than the evidence possessed by the United States indicated. As the presentence report makes clear, relevant conduct in this case was based on statements Don Rice and James Fleskes made after their arrests and a statement of movant made after the execution of the search warrant at her home. While nothing in the file or in movant's submissions indicate that any of the information or material allegedly provided by her attorney to the United States was used to her detriment, the fact that the information was more favorable to movant than that already in the possession of the United States obviously negates any possibility of prejudice to her defense. Under such circumstances, there is simply no reason to believe that, but for counsel's provision of this information, movant would not have pleaded guilty and have insisted on going to trial. Beyond these complaints with respect to counsel's performance, movant alleges only that counsel had her attend a seminar which cost "an additional $2,400.00" and "asked for an additional "$6,000.00 to further represent this case," allegations which do not involve deficiencies in counsel's representation.

Though not listing it as a ground for relief, movant also appears to contend that her plea was neither knowing nor voluntary. In this regard, it is noted that the plea colloquy in this case was lengthy and detailed, and as an examination of the transcript of the plea hearing makes apparent, movant was advised of, and clearly understood, her rights with respect to a guilty plea or trial on the merits. The plea agreement was reviewed and movant acknowledged that it was consummated after discussions of its terms and conditions and that she wanted the Court to accept it. The nature of the charges, including the conspiracy to distribute marijuana upon which the money laundering charge

was based, was explained in detail by the Court. Finally, movant advised the Court that she had not been coerced in any manner to enter a guilty plea and that pleading guilty was her own idea. While the record made at a plea proceeding "is not invariably insurmountable," Blackledge v. Allison, 431 U.S. 63, 74 (1977), it is also true that "[s]olemn declarations in open court carry a strong presumption of verity" and that contentions, such as those made here, which, "in the face of the record are wholly incredible," are "subject to summary dismissal." Id.[7] Movant's assertion that she was coerced by counsel and that her plea was neither knowing nor voluntary are not only conclusory but are also belied by the record. As such, they provide no basis for questioning the validity of her plea or counsel's performance.

Movant's remaining claims provide no basis for relief. Her assertion that she "was charged under Sherilyn Smith's criminal record" is simply not true, the "safety valve" provision of the United States Sentencing Guidelines, USSG §5C1.2, is not applicable in this case, and her Fourth Amendment claim based upon the search of her home was waived by her guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

---

[7] "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General, 956 F.2d 1290, 1299 (4th Cir. 1992).

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: August 30, 2007

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE